Henry Epstein, J.
Defendant moves for dismissal of the amended complaint for legal insufficiency. Plaintiff is the owner of a co-operative apartment house in which the defendant is a tenant under a proprietary lease and a stockholder. Defendant is charged with creating a disorder threatening the peace and safety of the tenants. It is further alleged that based upon the stated event action was taken pursuant to the terms of the lease to call a meeting of stockholders of the plaintiff to terminate the lease because of defendant’s objectionable conduct unless the defendant agreed not to attempt to resume possession of the apartment. Defendant was arrested and hospitalized, and being advised of plaintiff’s contemplated action and to induce plaintiff not to terminate the lease, he did, by writing dated *56 December 30, 1960, agree that ‘ ‘ he will not personally occupy the apartment * * *. Pending the sale, he would appreciate any courtesy which may be shown to his broker in connection with the contemplated sale Plaintiff refrained from taking action to terminate. Nevertheless in breach of the December 30, 1960 writing the defendant reoccupied the apartment on February 3, 1961, and has continued to do so. The continued occupation in violation of the December 30, 1960 writing threatens plaintiff with irreparable damage and plaintiff is accordingly entitled to permanent injunction restraining the defendant from personally occupying the apartment, and to an order directing specific performance of the December 30, 1960 writing.
Plaintiff is still free to terminate the lease if it has ground to do so. The original complaint was dismissed, the court stating: ‘ ‘ The lease provides that: 1 the lessor shall have the right of injunction and the right to invoke any remedy allowed at law or in equity, as if re-entry, summary proceedings and other remedies were not herein provided for. ’ It is true that plaintiff is not required to proceed by summary proceedings, but the remedy arises from the lease and does not flow from the letter. Presumably, if ground existed for action it was based on the events which culminated in the letter, but claim of right to injunctive relief cannot rest upon the letter [agreement] alone. As noted it must be predicated on the lease and allegations of claimed violations thereof warranting injunctive relief.” The lease provides for personal occupancy and the injunctive relief for which the lease also provides cannot be resorted to in order to terminate the lease by mere prevention of that occupancy. Injunctive relief does not fit the facts. The remedy on the lease in the circumstances here is termination. The motion is granted and the complaint is dismissed.